IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

THE ESTATE OF ELIOT NESS, DECEASED,
BY AND THROUGH MARK JONES,
ADMINISTRATOR OF THE ESTATE OF            CASE NO._____
ELIOT NESS,

      Plaintiff,

v.

DIEBOLD, INCORPORATED, an Ohio
Corporation, and WELLS FARGO BANK, N.A.,
a Delaware Corporation,

      Defendants.
_____/

# COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF AND DAMAGES

Plaintiff, THE ESTATE OF ELIOT NESS, DECEASED, BY AND THROUGH MARK JONES, ADMINISTRATOR OF THE ESTATE OF ELIOT NESS ("ESTATE"), by and through the undersigned counsel, sues DIEBOLD INCORPORATED ("DIEBOLD") and WELLS FARGO BANK, N.A. ("WELLS FARGO"), and alleges:

### *PARTIES*

1. The decedent, Eliot Ness, arguably America's most famous lawman, died in Potter County, Pennsylvania, in 1957.

2. The ESTATE appointed Mark Jones as its Administrator pursuant to the laws of the Commonwealth of Pennsylvania.

3. Upon information and belief, DIEBOLD is a publicly traded corporation, formed under the laws of the State of Ohio, and maintains its principal place of business at 5995 Mayfair Road, Canton, Ohio 44720.

4. Upon information and belief, DIEBOLD is duly registered to transact business in the State of Florida in accordance with Fla. Stat. § 607.1501. See, **Exhibit "A"** hereto.

5. Upon information and belief, in conformity with Fla. Stat. § 607.0505, DIEBOLD has designated an agent for the service of process in Plantation, Florida, in this District. See, *Exhibit "A."*

6. Upon information and belief, DIEBOLD regularly conducts business and provides services and goods to its customers in this District and throughout the United States and abroad, including, without limitation, operating, conducting, engaging in, or carrying on a business or business venture in the State of Florida and this District, within the meaning of Fla. Stat. § 48.193(1)(a). See, *Exhibit "A."*

7. Upon information and belief, DIEBOLD is engaged in substantial and not isolated activity within the State of Florida and this District, within the meaning of Fla. Stat. § 48.193(2).

8. Upon information and belief, WELLS FARGO is a publicly traded national association chartered by the Office of the Comptroller of the Currency, and maintains its principal place of business at 420 Montgomery Street, San Francisco, California 94163. See, **Exhibit "B"** hereto.

9. Upon information and belief, WELLS FARGO is DIEBOLD's agent and/or servant in active concert or participation with DIEBOLD.

10. Upon information and belief, WELLS FARGO is duly registered to transact business in the State of Florida in accordance with Fla. Stat. § 607.1501. See, **Exhibit "B."**

11. Upon information and belief, WELLS FARGO regularly conducts business and provides services and goods to its customers in this District and throughout the United States and abroad, including, without limitation, operating, conducting, engaging in, or carrying on a

business or business venture in the State of Florida and this District, within the meaning of Fla. Stat. § 48.193(1)(a). See, **Exhibit "B."**

12. Upon information and belief, WELLS FARGO is engaged in substantial and not isolated activity within the State of Florida and this District, within the meaning of Fla. Stat. § 48.193(2).

## JURISDICTION AND VENUE

13. This is a civil action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, and other relief.

14. This action is based on diversity jurisdiction and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs. 28 U.S.C. § 1332(a)(1).

15. This Court has personal jurisdiction over Defendants because, upon information and belief, Defendants transact business, provide their services, and sell their products in this District, maintain interactive websites through which their products and services are offered and sold, including in this District, and have systematic and continuous contacts with this District.

16. Venue is proper under 28 U.S.C. § 1391(d) in that the Defendants' contacts are sufficient to subject them to personal jurisdiction in this District at the time this action is commenced under Florida's long-arm statute, Fla. Stat. § 48.193, as set forth above.

17. Furthermore, the holder of the stock, which is the subject of this action, and a substantial beneficial interest in ESTATE, Deb Hole, is a resident of this District. As a result, the subject property is situated in this District, as well a substantial part of the events have taken place in this District. 28 U.S.C. § 1391(b)(2).

BRADLEY LEGAL GROUP, P.A.  15 Northeast 13th Avenue, Fort Lauderdale, FL 33301   www.bradlegal.com

18.     Moreover, the question who is the owner of a stock certificate depends upon the law of the place where it is located. Direction Der Disconto-Gesellschaft v. U.S. Steel Corporation, 45 S. Ct 207, 208 (1925). Also, Fla. Stat. § 48.193(1)(b) extends personal jurisdiction to those who "[c]ommit[ ] a tortious act within th[e] state," and "this court's firmly established precedent. . . interprets subsection (1)(b) to apply to defendants committing tortious acts outside the state that cause injury in Florida." Posner v. Essex Ins. Co., Ltd., 178 F. 3d 1209, 1216, 1217 (11th Cir. 1999). Bypassing an express analysis, the courts have deemed various claims as ''tortious acts'' for purposes of Florida's long-arm statute. Louis Vuitton Malletier, S.A. v. Mosseri, 736 F. 3d 1339, 1353 (11th Cir. 2013).

## FACTUAL ALLEGATIONS

19.     Following his years as America's most famous lawman, from 1944 to 1951, Eliot Ness was the CEO of DIEBOLD.

20.     During that period, specifically on December 16, 1948, DIEBOLD issued to Eliot Ness fifty (50) common shares of stock in DIEBOLD ("Stock"), evidenced by Certificate No. C3018. ("Certificate"). A true copy thereof is attached hereto as **Exhibit "C."**

21.     "DIEBOLD. . . certify[ied] that Eliot Ness is the owner of exactly fifty Common Shares, of the par value of five dollars each, fully paid and non-assessable, of DIEBOLD, Incorporated, transferrable on the books of the corporation by the holder hereof, in person or by duly authorized attorney, upon surrender of this certificate properly endorsed." See, **Exhibit "C."**

22.     Upon information and belief, at all times relevant hereto, DIEBOLD had power to issue the Stock.

23.     Upon information and belief, the shares of Stock were lawfully issued.

24. Upon information and belief, at the time of issue, the Certificate of Stock lawfully represented the Stock.

25. Upon information and belief, the Certificate was valid at the time of issue.

26. In 1957 Eliot Ness died in Potter County, Pennsylvania.

27. At the time of his death, Eliot Ness was a stockholder in DIEBOLD, as evidenced by the Certificate in *Exhibit "C"* hereto.

28. Upon Eliot Ness's death, Eliot Ness's interest in and ownership of the Stock and Certificate passed onto his ESTATE.

29. Upon Eliot Ness's death, the ESTATE became the rightful owner and beneficiary of the Stock.

30. The ESTATE is the current rightful owner and beneficiary of the Stock.

31. The ESTATE is entitled to all of its rights and benefits stemming from said ownership.

32. The ESTATE has recently come into possession of the original Certificate evidencing Eliot Ness' ownership of Stock in DIEBOLD.

33. The ESTATE, through its counsel, requested that DIEBOLD acknowledge the ESTATE's ownership of and rights in the Stock, as well as Stock's authenticity and value as evidenced by the Certificate.

34. The ESTATE, through its counsel, sent a copy of the Certificate to DIEBOLD.

35. DIEBOLD failed and refused to acknowledge the ESTATE's ownership of and rights in the Stock, as well as Stock's authenticity and value as evidenced by the Certificate.

36. Upon information and belief, DIEBOLD communicated the ESTATE's request to its stock transfer agent, WELLS FARGO.

37. WELLS FARGO, on its behalf as well as on DIEBOLD's behalf, failed and refused to acknowledge the ESTATE's ownership of and rights in the Stock, as well as Stock's authenticity and value as evidenced by the Certificate.

38. On or about August 15, 2015, WELLS FARGO, on its behalf as well as on DIEBOLD's behalf, advised the ESTATE's counsel that the Certificate "is no longer valid." A true copy of WELLS FARGO's letter dated August 15, 2013 is attached hereto as ***Exhibit "D."***

39. Upon information and belief, the Stock has not been turned over to any state as escheated property.

40. Upon information and belief, over the past sixty-five (65) years, the original fifty (50) shares have respectively split or grown through common stock dividends to not less than 12,757 shares, and possibly up to 29,596 shares depending on dividend reinvestment.

41. Upon information and belief, the Stock's present value exceeds one million dollars ($1,000,000.00).

42. Upon information and belief, DIEBOLD's stock practices have been the subject of several federal actions, including for securities fraud.

43. Upon information and belief, DIEBOLD has been sanctioned by the United States District Court for the District of Columbia, and permanently restrained and enjoined from violating various sections of the Securities Exchange Act. A true copy of Final Judgment As To Defendant DIEBOLD, dated June 14, 2010 in Case No. 10-cv-00908 styled Securities And Exchange Commission v. DIEBOLD is attached hereto as ***Exhibit "E."***

44. A real, actual, and present dispute exists requiring determination by this Court over the ESTATE's ownership of and rights in the Stock, the Stock's authenticity and value as evidenced by the Certificate, as well as the ESTATE's remedies related thereto.

45. All conditions precedent to the bringing of this action have been satisfied, have occurred, have been waived, or have been excused.

46. As direct and proximate result of Defendants' actions complained of herein, The ESTATE was forced to retain the undersigned counsel and has agreed to pay it a reasonable fee for their services.

### COUNT I
### DECLARATORY RELIEF
(Declaration of Validity, Value, and Rights)

47. The ESTATE readopts and realleges the allegations set forth in paragraphs 1 through 46 as set forth above.

48. This cause of action is for a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

49. An actual and justiciable controversy exists between the ESTATE and Defendants as to (1) the validity and authenticity of the Certificate; (2) whether the ESTATE is the rightful owner of the Stock; (3) the value of the Stock.

50. Therefore, a *bona fide*, actual, present practical need for declaration as to the parties' rights exists requiring determination by this Court.

51. The declaration deals with a present ascertained or ascertainable state of facts or present controversy as to the state of facts.

52. The rights of the parties are dependent upon the facts and application of law thereto.

53. The ESTATE requests judgment declaring that the Certificate is valid and authentic, that the ESTATE is the rightful owner of the Stock, the value of the Stock, and that

Defendants have no right in denying the validity, value, and the ESTATE's ownership of and rights in the Stock.

54. The ESTATE seeks to resolve the dispute in this Court.

55. The ESTATE has no adequate remedy at law.

## COUNT II
## DECLARATORY AND INJUNCTIVE RELIEF
**(Declaration and Payment of Dividends and Interest)**

56. The ESTATE readopts and realleges the allegations set forth in paragraphs 1 through 46 as set forth above.

57. Defendants failed to pay dividends.

58. Defendants' refusal to pay dividends on the ESTATE's Stock makes it impossible for the ESTATE to realize any income on the value of the investment in the Stock.

59. The ESTATE requests judgment declaring its dividends and interest, and directing that Defendants pay out any and all unpaid dividends and interest to the ESTATE, and granting the ESTATE such other and further relief as the court deems just and proper, including costs and disbursements of this action.

60. The ESTATE seeks to resolve the dispute in this Court.

61. The ESTATE has no adequate remedy at law.

## COUNT III
## ACCOUNTING

62. The ESTATE readopts and realleges the allegations set forth in paragraphs 1 through 46 as set forth above.

63. The ESTATE and Defendants have a relationship with one another, based on the ESTATE's ownership and possession of an authentic DIEBOLD Stock Certificate, and the ESTATE's rights related thereto.

64.     The ESTATE's authentic Certificate from DIEBOLD was for fifty (50) Common Shares of Company Stock at time of issuance, together with unpaid accumulated interest, splits, and dividends.

65.     Defendants have an obligation to render to the ESTATE a statement or accounting of Defendants' books related to the Stock, unpaid accumulated interest, splits, and dividends.

66.     Defendants' accounting must not violate the Final Judgment in *Exhibit "E."*

67.     An accounting of Defendants' books related to the stock will resolve the dispute as to the present value of the Stock, unpaid accumulated interest, splits, and dividends.

68.     The ESTATE has no adequate remedy at law.

69.     The ESTATE requests judgment ordering a statement or accounting of Defendants' books related to the Stock, unpaid accumulated interest, splits, and dividends, complaint with Final Judgment in *Exhibit "E."*

## COUNT IV
## CONVERSION

70.     The ESTATE readopts and realleges the allegations set forth in paragraphs 1 through 46 as set forth above.

71.     During all of the times mentioned, Eliot Ness, individually and by and through his ESTATE, was the owner of the Stock evidenced by the Certificate issued to Eliot Ness and bearing the date of December 16, 1948. See, *Exhibit "C."*

72.     Prior to August 15, 2013, DIEBOLD unlawfully took and carried away the Stock represented by the certificate and has converted and disposed of the Stock to its own use, to the damage of the ESTATE in the sum to be determined by this Court, no part of which has been paid. See, *Exhibit "D."*

73. Under Florida law, Defendants are liable for conversion if they "deprived" the ESTATE of its property by means of an "unauthorized act" permanently or for a an indefinite time. Prou v. Giarla, 2014 WL 6725213 (S.D. Fla. 2014).

74. Defendants' deprivation of the ESTATE of its Stock was evidenced by Defendants' failure and refusal to acknowledge ESTATE's ownership of and rights in the Stock, as well as Stock's authenticity and value as evidenced by the Certificate. Id, (stating that "where a person having a right to possession of property makes demand for its return and the property is not relinquished, a conversion has occurred.")

75. By virtue of the ESTATE being the rightful owner of the Stock as evidenced by the Certificate, such deprivation was an unauthorized act. Flight Equip. & Eng'g Corp. v. Shelton, 103 So.2d 615, 621 (Fla.1958) (stating that it is a well-established rule of corporate law that a corporation cannot authorize illegal conduct.)

76. Therefore, Defendants are liable for conversion because they deprived the ESTATE of its Stock by means of an unauthorized act. Fogade v. ENB Revocable Trust, 263 F.3d 1274, 1292 (11th Cir. 2001).

77. As a direct result of these actions by the Defendants, the ESTATE was damaged.

78. The ESTATE's damages are measured by the value of the marketable Stock. Schwartz v. NMS Industries, Inc., 517 F.2d 925, 931 (5th Cir. 1975).

79. The ESTATE requests that the court award the ESTATE damages measured by the value of the marketable Stock, and any other and further relief that this Court considers proper.

## COUNT V
## BREACH OF WARRANTY

80. The ESTATE readopts and realleges the allegations set forth in paragraphs 1 through 46 as set forth above.

81. The Certificate lists warranties in favor of the ESTATE. See, **Exhibit "C."**

82. The Certificate evidences warranties in favor of the ESTATE in accordance with §678.1081, Florida Statutes.

83. Such warranties warrant, without limitation, that the stock transfer from DIEBOLD to Eliot Ness was effective and rightful, and that the Certificate is genuine.

84. Defendants breached these and other warranties.

85. As a direct result of these actions by the Defendants, the ESTATE was damaged.

86. Pursuant to §678.1051(1), Florida Statutes, Defendants have notice of the ESTATE'S adverse claim.

87. The ESTATE requests that the court award the ESTATE damages in the sum to be determined by this Court, the costs of this action, and any other and further relief that this Court considers proper.

## PRAYER FOR RELIEF

**WHEREFORE**, The ESTATE respectfully requests that this Court:

(a) declare that the Certificate is valid and authentic;

(b) declare that the ESTATE is the rightful owner of the Stock;

(c) declare the value of the Stock;

(d) declare that Defendants have no right in denying the validity, value, and The ESTATE's ownership of and rights in the Stock;

(e) Declare the ESTATE's dividends and interest;

(f) direct Defendants to pay out any and all unpaid dividends and interest to the ESTATE;

(g) order a statement or accounting of Defendants' books related to the Stock, unpaid accumulated interest, splits, and dividends, complaint with Final Judgment in *Exhibit "E"*;

(h) award the ESTATE damages measured by the value of the marketable Stock;

(i) award the ESTATE other damages in the sum to be determined by this Court;

(j) award the ESTATE its costs of court;

(k) award the ESTATE all other relief as this Court deems just and proper.

Dated this 9th day of March, 2015.

## TRIAL BY JURY

Plaintiff demands trial by Jury on all issues triable by jury.

Respectfully submitted,

**BRADLEY LEGAL GROUP, P.A.**
*Counsel for Plaintiff*
15 Northeast 13th Avenue
Fort Lauderdale, FL 33301
Tel:   (954) 523-6160
Fax:   (954) 523-6190


By: _____/s/_____
          John F. Bradley, Esq.
          Fla. Bar No. 0779910

**Exhibits:**

*Exhibit "A"*    Information pertaining to Defendant DIEBOLD

*Exhibit "B"*    Information pertaining to Defendant WELLS FARGO

*Exhibit "C"*    Stock Certificate No. C3018

*Exhibit "D"*    WELLS FARGO's letter dated August 15, 2013

*Exhibit "E"*    Final Judgment As To Defendant DIEBOLD, dated June 14, 2010 in Case No. 10-cv-00908 styled Securities And Exchange Commission v. DIEBOLD